MICHAEL I. BRAVERMAN (2622)
Getz and Braverman, P.C.
172 East 161st Street
Bronx, New York 10451
Telephone: (718)993-3000
Fax: 402-5183
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

GARY GRIFFIN,

                                Plaintiff,

                -against-

JACOBI MEDICAL CENTER, THE NEW YORK CITY
HEALTH AND HOSPITALS CORPORATION, JACQUELINE
MAHAL, MD., DARNELL A. CAIN, MD., CHARLES OFORI-
AMPOMAH, RN, JERMINE RICKETTS, RN, STYVE
PAMPHILE, MD., JOHN DOE PHYSICIAN NUMBER ONE,
JOHN DOE PHYSICIAN NUMBER TWO, JOHN DOE
PHYSICIAN NUMBER THREE, THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT, JOHN DOE
NEW YORK CITYPOLICE OFFICER NUMBER ONE, JOHN
DOE NEW YORK CITY POLICE OFFICER NUMBER TWO,
all "JOHN DOE" names being fictitious and representing
New York City Police Officers whose actual names
remain unknown to plaintiff,

                          Defendants.

----------------------------------------------------------------X

PLAINTIFF DEMANDS A TRIAL BY JURY

Civil Action No._____
SUMMONS IN A CIVIL ACTION

To:    THE CITY OF NEW YORK, 100 CENTER STREET, NEW YORK, NEW
        YORK
        THE NEW YORK CITY POLICE DEPARTMENT, 1 POLICE PLAZA, NEW
        YORK, NEW YORK
        NEW YORK CITY HEALTH AND HOSPITAL CORPORATION, N.Y.C.
        Health and Hospitals Corporation 125 Worth Street, #527, New York 10013

**PLEASE SEE ATTACHED RIDER**

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Getz & Braverman, P.C., 172 East 161st Street, Bronx, New York 10451. If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date:

_____
Clerk of the Court

RIDER

TO:

JACOBI MEDICAL CENTER, THE NEW YORK CITY
HEALTH AND HOSPITALS CORPORATION, JACQUELINE MAHAL, MD., DARNELL
A. CAIN, MD., CHARLES OFORI-AMPOMAH, RN, JERMINE RICKETTS, RN, STYVE
PAMPHILE, MD., JOHN DOE PHYSICIAN NUMBER ONE, JOHN DOE PHYSICIAN
NUMBER TWO, JOHN DOE PHYSICIAN NUMBER THREE, THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT, JOHN DOE NEW YORK CITYPOLICE
OFFICER NUMBER ONE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER
TWO, all "JOHN DOE" names being fictitious and representing New York City
Police Officers whose actual names remain unknown to plaintiff,

MICHAEL I. BRAVERMAN (2622)
Getz and Braverman, P.C.
172 East 161st Street
Bronx, New York 10451
Telephone: (718)993-3000
Fax: 402-5183
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GARY GRIFFIN,

                          Plaintiff,

                 -against-

JACOBI MEDICAL CENTER, THE NEW YORK CITY
HEALTH AND HOSPITALS CORPORATION, JACQUELINE
MAHAL, MD., DARNELL A. CAIN, MD., CHARLES OFORI-
AMPOMAH, RN, JERMINE RICKETTS, RN, STYVE
PAMPHILE, MD., JOHN DOE PHYSICIAN NUMBER ONE,
JOHN DOE PHYSICIAN NUMBER TWO, JOHN DOE
PHYSICIAN NUMBER THREE, THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT, JOHN DOE
NEW YORK CITYPOLICE OFFICER NUMBER ONE, JOHN
DOE NEW YORK CITY POLICE OFFICER NUMBER TWO,
all "JOHN DOE" names being fictitious and representing
New York City Police Officers whose actual names
remain unknown to plaintiff,

                          Defendants.
------------------------------------------------------------X

PLAINTIFF DEMANDS A TRIAL BY JURY

Civil Action No._____
COMPLAINT FOR DAMAGES-
Assault; Battery;42 U.S.C. §§ 1981, 1983, 19

1

### I.   PRELIMINARY STATEMENT

1.   This is an action brought under 42 U.S.C. §§ 1981, 1983 and 1985 and raising supplemental state-law claims sounding in intentional infliction of emotional distress, assault and battery, regarding the actions of the Defendants.

2.   Due to the defendants' actions and inactions, plaintiff was caused to suffer severe and debilitating physical, emotional, and psychological injuries, and was deprived of rights afforded to him by the constitution and laws of both the United States and the State of New York.

3.   Plaintiff now seeks damages for the substantial pain and suffering, deprivation of his civil rights, emotional distress, and humiliation.

### II.   JURISDICTION AND VENUE

4.   This court has jurisdiction over the subject matter of this complaint under 42 U.S.C. §§ 1981, 1983, 1985, and 28 U.S.C. §§ 1331, 1334(a)(2), 1334(a)(3), 1334(a)(4), and 1367(a).

5.   Venue is laid, pursuant to 28 U.S.C. § 1391(b)(2), in the Southern District of New York where a substantial part of the acts and omissions giving rise to these causes of action occurred, to wit, in the County of New York.

### III.   PARTIES

6.   Plaintiff GARY GRIFFIN, fifty-nine years of age, was at all times relevant to this complaint a citizen of the United States and a resident of the City of New York in the State of New York.

7.   Defendant CITY OF NEW YORK ("CITY") is a municipal corporation, and

political subdivision, of the State of New York, organized and existing t

8.    At all times hereinafter mentioned, defendant NEW YORK CITY HEALTH AND

HOSPITALS CORPORATION was and still is a municipal health care system

duly authorized and existing under and by virtue of the laws of the State of New

York, having its principal place of business at 125 Worth Street New York, New

York 10013.

9.    That at all times mentioned herein, defendant NEW YORK CITY HEALTH AND

HOSPITALS CORPORATION was municipal health care system organized and

existing under and by virtue of the laws of the State of New York.

10.    That at all times mentioned herein, the principal place of business of defendant

NEW YORK CITY HEALTH AND HOSPITALS CORPORATION was located

in the County of New York, State of New York.

11.    That at all times hereinafter mentioned defendant NEW YORK CITY HEALTH

AND HOSPITALS CORPORATION was and still is the owner of hospital

facility known as JACOBI MEDICAL CENTER located at 1400 Pelham Parkway

South, Bronx, New York, NY 10461.

12.    That at all times hereinafter mentioned, defendant NEW YORK CITY HEALTH

AND HOSPITALS CORPORATION managed the hospital facility known as

JACOBI MEDICAL CENTER located at 1400 Pelham Parkway South, Bronx,

New York, NY 10461.

13.    That at all times hereinafter mentioned, defendant NEW YORK CITY HEALTH

AND HOSPITALS CORPORATION operated the hospital facility known as

JACOBI MEDICAL CENTER located at 1400 Pelham Parkway South, Bronx, New York, NY 10461.

14.    The New York City Police Department was established and exists through the authority of Chapter 18 of the New York City Charter, and pursuant to said Charter and laws enacted there under, defendant CITY owns, operates, manages, directs, and controls the New York City Police Department, which also employs all JOHN DOE POLICE OFFICERS involved in this case.

15.    The New York City Health and Hospital Corporation is a municipal corporation, of the State of New York, organized and existing through the Constitution and laws of the State of New York.

16.    JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER ONE ("JOHN DOE ONE") is and was at all times relevant to this Complaint an employee of defendant CITY, duly appointed and acting as a Police Officer with the aforementioned New York City Police Department.  He is sued in his individual capacity.

17.    JOHN DOE NEW YORK POLICE OFFICER NUMBER TWO ("JOHN DOE TWO") is and was at all times relevant to this Complaint an employee of defendant CITY, duly appointed and acting as a Police Officer with the aforementioned New York City Police Department.  He is sued in his individual capacity.

18.    JACQUELINE MAHAL, MD is and was at all times relevant to this Complaint an employee of defendant NEW YORK CITY HEALTH AND HOSPITAL

˅4˅

CORPORATION, duly appointed and acting as a physician with the

aforementioned NEW YORK CITY HEALTH AND HOSPITAL

CORPORATION. He/She is sued in his individual capacity.

19.     JACQUELINE MAHAL, MD is and was at all times relevant to this Complaint an

employee of defendant NEW YORK CITY HEALTH AND HOSPITAL

CORPORATION, duly appointed and acting as a physician with the

aforementioned NEW YORK CITY HEALTH AND HOSPITAL

CORPORATION. He/She is sued in his individual capacity.

20.     CHARLES OFORI-AMPOMAH, RN, is and was at all times relevant to this

Complaint an employee of defendant NEW YORK CITY HEALTH AND

HOSPITAL CORPORATION, duly appointed and acting as a physician with the

aforementioned NEW YORK CITY HEALTH AND HOSPITAL

CORPORATION. He/She is sued in his individual capacity.

21.     JERMINE RICKETTS, RN, is and was at all times relevant to this Complaint an

employee of defendant NEW YORK CITY HEALTH AND HOSPITAL

CORPORATION, duly appointed and acting as a physician with the

aforementioned NEW YORK CITY HEALTH AND HOSPITAL

CORPORATION. He/She is sued in his individual capacity.

22.     STYVE PAMPHILE, MD, is and was at all times relevant to this Complaint an

employee of defendant NEW YORK CITY HEALTH AND HOSPITAL

CORPORATION, duly appointed and acting as a physician with the

aforementioned NEW YORK CITY HEALTH AND HOSPITAL

CORPORATION.  He/She is sued in his individual capacity.

23.    At all times relevant to this Complaint, all defendants acted in concert and

conspired together through both their acts and omissions and are jointly and

severally liable for the harms caused to plaintiff.

24.    At all times relevant to this Complaint, all defendants were acting under the color

of state law, to wit, the statutes, ordinances, regulations, policies, customs, and

usages of defendant CITY and of the State of New York.

## IV.    NOTICE OF CLAIM

25.    On December 15, 2018, within ninety days following the occurrence of the

incidents complained of in this Complaint, plaintiff filed a written Notice of Claim

with defendant CITY pursuant to General Municipal Law § 50-e.  Thirty days since

the filing thereof have elapsed without adjustment or payment of plaintiff's claim.

On June 17, 2019, pursuant to General Municipal Law section 50-H, a hearing was

held and taken by the CITY.

## V.    FACTUAL ALLEGATIONS

26.    On and about December 15, 2018,  GARY GRIFFIN, a resident of New York City,

was involved in a motor vehicle accident.

27.    Following the accident, plaintiff was taken by ambulance to Jacobi Medical Center

Emergency  Room.

28.     Following an examination by in the Emergency Room, plaintiff was informed by,
JACQUELINE MAHAL, MD., DARNELL A. CAIN, MD., CHARLES OFORI-
AMPOMAH, RN, JERMINE RICKETTS, RN, STYVE PAMPHILE, MD  that he was
cleared to be discharged, and the he should follow up  with his own primary care
doctor.

29.     Upon trying to leave the Emergency Room, the plaintiff was physically restrained
by JACQUELINE MAHAL, MD., DARNELL A. CAIN, MD., CHARLES OFORI-
AMPOMAH, RN, JERMINE RICKETTS, RN, STYVE PAMPHILE, MD several
doctors and hospital police.  Plaintiff's clothing was torn from him, and he was
given an injection by, JACQUELINE MAHAL, MD., DARNELL A. CAIN, MD.,
CHARLES OFORI-AMPOMAH, RN, JERMINE RICKETTS, RN, STYVE PAMPHILE,
MD , who ordered that the plaintiff undergo an X-Ray examination before he could
be discharged from the hospital.

30.     Plaintiff did not consent to the X-Ray examination, nor being given and injection.
Plaintiff made it clear to , JACQUELINE MAHAL, MD., DARNELL A. CAIN, MD.,
CHARLES OFORI-AMPOMAH, RN, JERMINE RICKETTS, RN, STYVE PAMPHILE,
MD, and hospital police, that he wanted to be discharged from the Emergency
Room.

31.   Plaintiff was physically detained and restraints were violently used upon him to restrain him to a hospital bed. At the point that plaintiff was physically restrained, he was injected with a needle by , JACQUELINE MAHAL, MD., DARNELL A. CAIN, MD., CHARLES OFORI-AMPOMAH, RN, JERMINE RICKETTS, RN, STYVE PAMPHILE, MD, against his consent, and he lost consciousness.

32.   Prior to being injected, the plaintiff was struck by hospital police about his head, causing him to suffer loss of hearing in his ears.

33.   During the time that police officers were attempting to restrain the plaintiff, they were trying to confiscate plaintiff's cell phone, which was recording the above incident.

34.   Plaintiff recorded, on his cell phone, at least two recordings depicting the subject incident.

35.   As a direct and proximate result of the acts and omissions of defendants, plaintiff sustained severe and permanent injuries including, but not limited to, the following:

      a.   bruising and swelling about the face and body

      b.   substantial pain

      c.   discomfort

      d.   fear

      e.   embarrassment

      f.      humiliation

      g.      emotional distress and severe emotional distress

      h.      mental anguish

36.     The actions and omissions of defendants violated the following clearly established and well settled federal rights of plaintiff's under the Fourth and Fourteenth Amendments to the United States Constitution:

      a.      freedom from unreasonable seizure of person

      b.      freedom from the use of excessive, unreasonable, unjustified force against a person

**COUNT ONE (Federal cause of action pursuant to 42 U.S.C. §§ 1981, 1983, 1985 against the individual defendants for violation of plaintiff's Fourth and Fourteenth Amendment rights)**

37.     Paragraphs 1 through 34(b) are each repeated, realleged, and reiterated as if fully set forth herein and are incorporated by reference.

38.     The actions of all named defendants violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from the use of excessive and unreasonable force, unreasonable seizure, and the application of force, applied in a bad faith, maliciously, and sadistically for the sole purpose of causing harm as well as the administration of medication to the plaintiff against his will and consent.

39.   As a direct and proximate result thereof, plaintiff claims damages for the injuries

set forth above.

**COUNT TWO (Federal cause of action pursuant to 42 U.S.C. §§ 1981, 1983,
1985, and <u>Monell v. Dept. Of Soc. Serv.</u>, 436 U.S. 658 (1978) against the
municipal defendant)**

40.   Paragraphs 1 through 37 are each repeated, realleged, and reiterated as if fully set

forth herein and are incorporated by reference.

41.   Defendant CITY knew or should have known its employees', agents', or servants'

propensity to engage in illegal and wrongful acts detailed above.

42.   Prior to August 30, 2014, Defendant CITY and NEW YORK CITY POLICE

DEPARTMENT developed and maintained policies and/or customs exhibiting

deliberate indifference to the constitutional rights of persons incarcerated in the

custody of the New York City Police Department, which policies and/or customs

caused the violation of plaintiff's rights.

43.   Based upon information and belief, it was the policy and/or custom of defendant

CITY and the NEW YORK CITY POLICE DEPARTMENT to improperly or

inadequately investigate complaints of people in the custody of the NEW YORK

CITY POLICE DEPARTMENT, and acts of abuse, excessive force, and

misconduct were instead tolerated, encouraged, and ratified by defendant CITY

and the NEW YORK CITY POLICE DEPARTMENT, including incidents in the

past where officials from the Ne York City Police Department beat individuals in

police custody in violation of state and federal law; retaliated against persons in

police custody for exercising their right to be free from excessive force of the use

of force and otherwise obstructed and manipulated any investigations thereto.

44.    These customs and policies regarding the use of such force were, indeed, pervasive

and well known around the Department of Corrections and with defendant CITY

and NEW YORK POLICE DEPARTMENT.

45.    As a result of the above described policies and/or customs, corrections officers of

defendant CITY believed that their actions would not be properly monitored by

supervisory officers and that misconduct would not be investigated or sanctioned,

but, instead, would be tolerated and even encouraged.

46.    The above policies and/or customs demonstrated a deliberate indifference on the

part of policymakers of defendant CITY to the constitutional rights of persons

within CITY who were detained or in the custody of the New York City Police

Department, and were the cause of violations of plaintiff's rights alleged herein.

47.    As a result of the wrongful, deliberately indifferent and illegal acts of defendant

CITY and NEW YORK CITY POLICE DEPARTMENT, plaintiff claims damages

against defendant CITY for the injuries set forth above.

**COUNT THREE (Cause of action for assault against the individual
defendants, JOHN DOE NEW YORK CITYPOLICE OFFICER NUMBER
ONE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER TWO,
JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER THREE,
JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER THREE,
JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER FOUR AND
JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER FIVE;
JACQUELINE MAHAL, MD., DARNELL A. CAIN, MD., CHARLES OFORI-
AMPOMAH, RN, JERMINE RICKETTS, RN, STYVE PAMPHILE, MD.,**

48. Paragraphs 1 through 51 are each repeated, realleged, and reiterated as if fully set forth herein and are incorporated by reference.

49. Upon threatening the Plaintiff, physically restraining the plaintiff, punching the plaintiff, defendants, JOHN DOE NEW YORK CITYPOLICE OFFICER NUMBER ONE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER TWO, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER THREE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMEBR FOUR , JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER FIVE, while acting in concert, intentionally made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

50. Upon threatening the Plaintiff, physically restraining the plaintiff, and injecting plaintiff with an unknown medication, defendants, JACQUELINE MAHAL, MD., DARNELL A. CAIN, MD., CHARLES OFORI-AMPOMAH, RN, JERMINE RICKETTS, RN, STYVE PAMPHILE, MD., and upon threatening the Plaintiff, physically restraining the plaintiff, punching the plaintiff, defendants, while acting in concert, intentionally made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching while acting in concert, intentionally made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching

51.     As a direct and proximate result thereof, plaintiff claims damages for the injuries

set forth above.

**COUNT FOUR (Cause of action for battery against the individual defendants,
JOHN DOE NEW YORK CITYPOLICE OFFICER NUMBER ONE, JOHN
DOE NEW YORK CITY POLICE OFFICER NUMBER TWO, JOHN DOE
NEW YORK CITY POLICE OFFICER NUMBER THREE, JOHN DOE
NEW YORK CITY POLICE OFFICER NUMBER FOUR, JOHN DOE NEW
YORK CITY POLICE OFFICER NUMBER FIVE**

52.     Paragraphs 1 through 54 are each repeated, realleged, and reiterated as if fully set

forth herein and are incorporated by reference.

53.     Upon striking him with fists about the face and body, striking him with blunt force

objects, punching and striking and physically restraining him against his wishes,

the Plaintiff JOHN DOE NEW YORK CITYPOLICE OFFICER NUMBER ONE,

JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER TWO, JOHN

DOE NEW YORK CITY POLICE OFFICER NUMBER THREE, JOHN DOE

NEW YORK CITY POLICE OFFICER NUMEBR FOUR, JOHN DOE NEW

YORK CITY POLICE OFFICER NUMBER FIVE, and JACQUELINE MAHAL,

MD., DARNELL A. CAIN, MD., CHARLES OFORI-AMPOMAH, RN, JERMINE

RICKETTS, RN, STYVE PAMPHILE, MD., while acting in concert, touched and

otherwise laid hands on plaintiff intentionally subjecting him to harmful and/or

offensive conduct.

54.     As a direct and proximate result thereof, plaintiff claims damages for the injuries

set forth above.

˅13˅

**COUNT FIVE (Cause of action for intentional infliction of emotional distress against the individual defendants, JOHN DOE NEW YORK CITYPOLICE OFFICER NUMBER ONE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER TWO, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER THREE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMEBR FOUR, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER FIVE JACQUELINE MAHAL, MD., DARNELL A. CAIN, MD., CHARLES OFORI-AMPOMAH, RN, JERMINE RICKETTS, RN, STYVE PAMPHILE, MD.**

55.    Paragraphs 1 through 57 are each repeated, realleged, and reiterated as if set forth fully and are incorporated herein by reference.

56.    Upon threatening plaintiff, striking plaintiff about the face, administering medication to plaintiff against his will, restraining the defendant against his will, defendants JOHN DOE NEW YORK CITYPOLICE OFFICER NUMBER ONE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER TWO, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER THREE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER FOUR, NEW YORK CITY POLICE OFFICER NUMBER FIVE, and JACQUELINE MAHAL, MD., DARNELL A. CAIN, MD., CHARLES OFORI-AMPOMAH, RN, JERMINE RICKETTS, RN, STYVE PAMPHILE, MD., while acting in concert, intentionally and recklessly conducted themselves toward plaintiff in a manner so shocking and outrageous that it exceeded all reasonable bounds of decency so as to cause severe emotional distress.

57.     As a direct and proximate result thereof, plaintiff claims damages for the injuries

set forth above.

**COUNT SIX (cause of action against the municipal defendant under the
doctrine of <u>Respondeat Superior</u>)**

58.     Paragraphs 1 through 70 are each repeated, realleged, and reiterated as if fully set

forth herein and are incorporated by reference.

59.     Defendant CITY,THE NEW YORK CITY HEALTH AND HOSPITAL

CORPORATION and THE NEW YORK CITY POLICE DEPARTMENT is liable

for all injuries sustained by plaintiff as alleged in this complaint starting on or

about December 15, 2018, and continuing thereafter, as a result of the conduct of

its agents, servants, and employees, under the doctrine of respondeat superior.

60.     Defendant CITY, NEW YORK CITY HEALTH AND HOSPITAL

CORPORATION and THE NEW YORK CITY POLICE DEPARTMENT, by its

agents, servants, and employees, committed the torts of intentional infliction of

emotional distress, assault and battery.

61.     As a direct and proximate result thereof, plaintiff claims damages for the injuries

set forth above.

**WHEREFORE,** plaintiff demands judgment against defendants, jointly and

severally, respectively as to each and every cause of action alleged hereinabove

for compensatory damages on each count; for punitive damages on each count;

awarding plaintiff reasonable attorney's fees, costs, and disbursements of this

action; and granting such other and further relief as this court deems just and

proper.

**JURY DEMAND**
Plaintiff demands a trial by jury

Bronx, New York
October 6, 2021

MICHAEL I. BRAVERMAN(2622)
Getz & Braverman
Attorneys for Plaintiff
172 East 161st Street
Bronx, New York 10451
718-993-3000
Getzandbraverman@aol.com

˘16˘