MICHAEL I. BRAVERMAN (2622)
Getz and Braverman, P.C.
172 East 161st Street
Bronx, New York 10451
Telephone: (718)993-3000
Fax: 402-5183
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GARY GRIFFIN,

                         Plaintiff,

                  -against-

JACOBI MEDICAL CENTER, THE NEW YORK CITY
HEALTH AND HOSPITALS CORPORATION, JACQUELINE
MAHAL, MD., DARNELL A. CAIN, MD., CHARLES OFORI-
AMPOMAH, RN, JERMINE RICKETTS, RN, STYVE
PAMPHILE, MD., JOHN DOE PHYSICIAN NUMBER ONE,
JOHN DOE PHYSICIAN NUMBER TWO, JOHN DOE
PHYSICIAN NUMBER THREE, THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT, JOHN DOE
NEW YORK CITYPOLICE OFFICER NUMBER ONE, JOHN
DOE NEW YORK CITY POLICE OFFICER NUMBER TWO,
all "JOHN DOE" names being fictitious and representing
New York City Police Officers whose actual names
remain unknown to plaintiff,

                        Defendants.
------------------------------------------------------------X

PLAINTIFF DEMANDS A TRIAL BY JURY

Civil Action No.21-cv-08247 (PAC)
**SECOND AMENDED COMPLAINT FOR DAMAGES**
Assault; Battery;42 U.S.C. §§ 1981, 1983, 1985

-1-

I.   **PRELIMINARY STATEMENT**

1. This is an action brought under 42 U.S.C. §§ 1981, 1983 and 1985 and raising supplemental state-law claims sounding in intentional infliction of emotional distress, assault and battery, regarding the actions of the Defendants.

2. Due to the defendants' actions and inactions, plaintiff was caused to suffer severe and debilitating physical, emotional, and psychological injuries, and was deprived of rights afforded to him by the constitution and laws of both the United States and the State of New York.

3. Plaintiff now seeks damages for the substantial pain and suffering, deprivation of his civil rights, emotional distress, and humiliation.

II.   **JURISDICTION AND VENUE**

4. This court has jurisdiction over the subject matter of this complaint under 42 U.S.C. §§ 1981, 1983, 1985, and 28 U.S.C. §§ 1331, 1334(a)(2), 1334(a)(3), 1334(a)(4), and 1367(a).

5. Venue is laid, pursuant to 28 U.S.C. § 1391(b)(2), in the Southern District of New York where a substantial part of the acts and omissions giving rise to these causes of action occurred, to wit, in the County of New York.

III.   **PARTIES**

6. Plaintiff GARY GRIFFIN, fifty-nine years of age, was at all times relevant to this complaint a citizen of the United States and a resident of the City of New York in the State of New York.

7. Defendant CITY OF NEW YORK ("CITY") is a municipal corporation, and

~2~

political subdivision, of the State of New York, organized and existing t

8. At all times hereinafter mentioned, defendant NEW YORK CITY HEALTH AND HOSPITALS CORPORATION was and still is a municipal health care system duly authorized and existing under and by virtue of the laws of the State of New York, having its principal place of business at 125 Worth Street New York, New York 10013.

9. That at all times mentioned herein, defendant NEW YORK CITY HEALTH AND HOSPITALS CORPORATION was municipal health care system organized and existing under and by virtue of the laws of the State of New York.

10. That at all times mentioned herein, the principal place of business of defendant NEW YORK CITY HEALTH AND HOSPITALS CORPORATION was located in the County of New York, State of New York.

11. That at all times hereinafter mentioned defendant NEW YORK CITY HEALTH AND HOSPITALS CORPORATION was and still is the owner of hospital facility known as JACOBI MEDICAL CENTER located at 1400 Pelham Parkway South, Bronx, New York, NY 10461.

12. That at all times hereinafter mentioned, defendant NEW YORK CITY HEALTH AND HOSPITALS CORPORATION managed the hospital facility known as JACOBI MEDICAL CENTER located at 1400 Pelham Parkway South, Bronx, New York, NY 10461.

13. That at all times hereinafter mentioned, defendant NEW YORK CITY HEALTH AND HOSPITALS CORPORATION operated the hospital facility known as

JACOBI MEDICAL CENTER located at 1400 Pelham Parkway South, Bronx, New York, NY 10461.

14. The New York City Police Department was established and exists through the authority of Chapter 18 of the New York City Charter, and pursuant to said Charter and laws enacted there under, defendant CITY owns, operates, manages, directs, and controls the New York City Police Department, which also employs all JOHN DOE POLICE OFFICERS involved in this case.

15. The New York City Health and Hospital Corporation is a municipal corporation, of the State of New York, organized and existing through the Constitution and laws of the State of New York.

16. JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER ONE ("JOHN DOE ONE") is and was at all times relevant to this Complaint an employee of defendant CITY, duly appointed and acting as a Police Officer with the aforementioned New York City Police Department. He is sued in his individual capacity.

17. JOHN DOE NEW YORK POLICE OFFICER NUMBER TWO ("JOHN DOE TWO") is and was at all times relevant to this Complaint an employee of defendant CITY, duly appointed and acting as a Police Officer with the aforementioned New York City Police Department. He is sued in his individual capacity.

18. JACQUELINE MAHAL, MD is and was at all times relevant to this Complaint an employee of defendant NEW YORK CITY HEALTH AND HOSPITAL

CORPORATION, duly appointed and acting as a physician with the aforementioned NEW YORK CITY HEALTH AND HOSPITAL CORPORATION. He/She is sued in his individual capacity.

19. JACQUELINE MAHAL, MD is and was at all times relevant to this Complaint an employee of defendant NEW YORK CITY HEALTH AND HOSPITAL CORPORATION, duly appointed and acting as a physician with the aforementioned NEW YORK CITY HEALTH AND HOSPITAL CORPORATION. He/She is sued in his individual capacity.

20. CHARLES OFORI-AMPOMAH, RN, is and was at all times relevant to this Complaint an employee of defendant NEW YORK CITY HEALTH AND HOSPITAL CORPORATION, duly appointed and acting as a physician with the aforementioned NEW YORK CITY HEALTH AND HOSPITAL CORPORATION. He/She is sued in his individual capacity.

21. JERMINE RICKETTS, RN, is and was at all times relevant to this Complaint an employee of defendant NEW YORK CITY HEALTH AND HOSPITAL CORPORATION, duly appointed and acting as a physician with the aforementioned NEW YORK CITY HEALTH AND HOSPITAL CORPORATION. He/She is sued in his individual capacity.

22. STYVE PAMPHILE, MD, is and was at all times relevant to this Complaint an employee of defendant NEW YORK CITY HEALTH AND HOSPITAL CORPORATION, duly appointed and acting as a physician with the

aforementioned NEW YORK CITY HEALTH AND HOSPITAL CORPORATION. He/She is sued in his individual capacity.

23. At all times relevant to this Complaint, all defendants acted in concert and conspired together through both their acts and omissions and are jointly and severally liable for the harms caused to plaintiff.

24. At all times relevant to this Complaint, all defendants were acting under the color of state law, to wit, the statutes, ordinances, regulations, policies, customs, and usages of defendant CITY and of the State of New York.

### IV. NOTICE OF CLAIM

25. On December 15, 2018, within ninety days following the occurrence of the incidents complained of in this Complaint, plaintiff filed a written Notice of Claim with defendant CITY pursuant to General Municipal Law § 50-e. Thirty days since the filing thereof have elapsed without adjustment or payment of plaintiff's claim. On June 17, 2019, pursuant to General Municipal Law section 50-H, a hearing was held and taken by the CITY.

### V. FACTUAL ALLEGATIONS

26. On and about December 15, 2018, GARY GRIFFIN, a resident of New York City, was involved in a motor vehicle accident.

27. Following the accident, plaintiff was taken by ambulance to Jacobi Medical Center Emergency Room.

28. Following an examination by in the Emergency Room, plaintiff was informed by, JACQUELINE MAHAL, MD., DARNELL A. CAIN, MD., CHARLES OFORI-AMPOMAH, RN, JERMINE RICKETTS, RN, STYVE PAMPHILE, MD that he was cleared to be discharged, and the he should follow up with his own primary care doctor.

29. Upon trying to leave the Emergency Room, the plaintiff was physically restrained by JACQUELINE MAHAL, MD., DARNELL A. CAIN, MD., CHARLES OFORI-AMPOMAH, RN, JERMINE RICKETTS, RN, STYVE PAMPHILE, MD several doctors and hospital police. Plaintiff's clothing was torn from him, and he was given an injection by, JACQUELINE MAHAL, MD., DARNELL A. CAIN, MD., CHARLES OFORI-AMPOMAH, RN, JERMINE RICKETTS, RN, STYVE PAMPHILE, MD , who ordered that the plaintiff undergo an X-Ray examination before he could be discharged from the hospital.

30. Plaintiff did not consent to the X-Ray examination, nor being given and injection. Plaintiff made it clear to , JACQUELINE MAHAL, MD., DARNELL A. CAIN, MD., CHARLES OFORI-AMPOMAH, RN, JERMINE RICKETTS, RN, STYVE PAMPHILE, MD, and hospital police, that he wanted to be discharged from the Emergency Room.

31. Plaintiff was physically detained and restraints were violently used upon him to restrain him to a hospital bed. At the point that plaintiff was physically restrained, he was injected with a needle by , JACQUELINE MAHAL, MD., DARNELL A. CAIN, MD., CHARLES OFORI-AMPOMAH, RN, JERMINE RICKETTS, RN, STYVE PAMPHILE, MD, against his consent, and he lost consciousness.

32. Hospital records for plaintiff's admission reveal that at 6:02 a.m., Defendant CHARLES OFORI-AMPOMAH, instructed the plaintiff to stop recording.

33. At 7:27 a.m. Defendants MAHAL AND CAIN, noted that the plaintiff was combative and refusing to be evaluated and was being combative requiring that plaintiff be injected with haldol and versed. Defendants claimed that plaintiff was uncooperative, refusing to answer questions relating to his care and **was restrained Hospital Police, nursing and medical team.**

34. At 7:42 a.m., Defendant, RICKETTS, noted that plaintiff was allegedly refusing to cooperate with any medical assessment, and that hospital police were called.

35. At 9:00 a.m., 2 point wrist restraints were placed upon the plaintiff for allegedly emergency management of outbursts of aggression, and that plaintiff had destructive or violent behavior.

36. At 10:59 a.m., Defendant John Doe physician, noted that upon examination, plaintiff was unable to participate in the examination because he was sedated.

36. That it was the Defendants who conspired with hospital police to allege that the plaintiff was being disruptive, and ordered the Hospital Police Defendants to restrain the plaintiff.

37. Prior to being injected, the plaintiff was struck by hospital police about his head, causing him to suffer loss of hearing in his ears.

38. During the time that police officers were attempting to restrain the plaintiff, they were trying to confiscate plaintiff's cell phone, which was recording the above incident.

39. Plaintiff recorded, on his cell phone, at least two recordings depicting the subject incident.

40. One of these recordings clearly shows, for at least 3 minutes, the plaintiff telling police and defendant doctors that he is refusing any more medical attention and that he wants to leave the hospital.

41. During this exchange, several defendant doctors were surrounding the plaintiff's gurney as well as NYPD police officers.

42. Despite plaintiff's request to refuse any further medical attention, including any type of medication, the plaintiff was physically held down by defendants, and administered an injection of medication.

43. The subject video, shows defendants, together, holding down the plaintiff and, without permission or consent from the plaintiff, removing his pants.

44. The subject video depicts defendants together conspiring to prevent the plaintiff from leaving the hospital and from honoring his right to be given no further medical attention. Prior to plaintiff's restraint, he was alleged to have been out of control by Defendants, who relayed this false information to Defendant Hospital Police. All Defendants conspired to restrain the plaintiff for no reason.

45. At no time during the video of the incident, does the plaintiff appear to be combative, display any outburst of aggression or poses an imminent threat or danger to any of the Defendants.

46. As a direct and proximate result of the acts and omissions of defendants, plaintiff sustained severe and permanent injuries including, but not limited to, the following:

    a. bruising and swelling about the face and body
    b. substantial pain
    c. discomfort
    d. fear
    e. embarrassment
    f. humiliation
    g. emotional distress and severe emotional distress
    h. mental anguish

47. The actions and omissions of defendants violated the following clearly established and well settled federal rights of plaintiff's under the Fourth and Fourteenth Amendments to the United States Constitution:

    a. freedom from unreasonable seizure of person

    b. freedom from the use of excessive, unreasonable, unjustified force against a person

**COUNT ONE (Federal cause of action pursuant to 42 U.S.C. §§ 1983, 1985 against the individual defendants for violation of plaintiff's Fourth and Fourteenth Amendment rights)**

48. Paragraphs 1 through 41 are each repeated, realleged, and reiterated as if fully set forth herein and are incorporated by reference.

49. The actions of all named defendants violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from the use of excessive and unreasonable force, unreasonable seizure, and the application of force, applied in a bad faith, maliciously, and sadistically for the sole purpose of causing harm as well as the administration of medication to the plaintiff against his will and consent.

50. As a direct and proximate result thereof, plaintiff claims damages for the injuries set forth above.

COUNT TWO (Cause of action for assault against the individual defendants, JOHN DOE NEW YORK CITYPOLICE OFFICER NUMBER ONE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER TWO, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER THREE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER THREE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER FOUR AND JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER FIVE; JACQUELINE MAHAL, MD., DARNELL A. CAIN, MD., CHARLES OFORI-AMPOMAH, RN, JERMINE RICKETTS, RN, STYVE PAMPHILE, MD.,

59. Paragraphs 1 through 52 are each repeated, realleged, and reiterated as if fully set forth herein and are incorporated by reference.

60. Upon threatening the Plaintiff, physically restraining the plaintiff, punching the plaintiff, defendants, JOHN DOE NEW YORK CITYPOLICE OFFICER NUMBER ONE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER TWO, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER THREE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMEBR FOUR , JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER FIVE, while acting in concert, intentionally made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

61. Upon threatening the Plaintiff, physically restraining the plaintiff, and injecting plaintiff with an unknown medication, defendants, JACQUELINE MAHAL, MD., DARNELL A. CAIN, MD., CHARLES OFORI-AMPOMAH, RN, JERMINE RICKETTS, RN, STYVE PAMPHILE, MD., and upon threatening the Plaintiff, physically restraining the plaintiff, punching the plaintiff, defendants, while acting

in concert, intentionally made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching while acting in concert, intentionally made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching

62. As a direct and proximate result thereof, plaintiff claims damages for the injuries set forth above.

**COUNT THREE (Cause of action for battery against the individual defendants, JOHN DOE NEW YORK CITYPOLICE OFFICER NUMBER ONE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER TWO, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER THREE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER FOUR, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER FIVE**

63. Paragraphs 1 through 56 are each repeated, realleged, and reiterated as if fully set forth herein and are incorporated by reference.

64. Upon striking him with fists about the face and body, striking him with blunt force objects, punching and striking and physically restraining him against his wishes, the Plaintiff JOHN DOE NEW YORK CITYPOLICE OFFICER NUMBER ONE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER TWO, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER THREE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMEBR FOUR, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER FIVE, and JACQUELINE MAHAL, MD., DARNELL A. CAIN, MD., CHARLES OFORI-AMPOMAH, RN, JERMINE

RICKETTS, RN, STYVE PAMPHILE, MD., while acting in concert, touched and otherwise laid hands on plaintiff intentionally subjecting him to harmful and/or offensive conduct.

65. As a direct and proximate result thereof, plaintiff claims damages for the injuries set forth above.

**COUNT FOUR (Cause of action for intentional infliction of emotional distress against the individual defendants, JOHN DOE NEW YORK CITYPOLICE OFFICER NUMBER ONE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER TWO, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER THREE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMEBR FOUR, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER FIVE JACQUELINE MAHAL, MD., DARNELL A. CAIN, MD., CHARLES OFORI-AMPOMAH, RN, JERMINE RICKETTS, RN, STYVE PAMPHILE, MD.**

66. Paragraphs 1 through 59 are each repeated, realleged, and reiterated as if set forth fully and are incorporated herein by reference.

67. Upon threatening plaintiff, striking plaintiff about the face, administering medication to plaintiff against his will, restraining the defendant against his will, defendants JOHN DOE NEW YORK CITYPOLICE OFFICER NUMBER ONE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER TWO, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER THREE, JOHN DOE NEW YORK CITY POLICE OFFICER NUMBER FOUR, NEW YORK CITY POLICE OFFICER NUMBER FIVE, and JACQUELINE MAHAL, MD., DARNELL A. CAIN, MD., CHARLES OFORI-AMPOMAH, RN, JERMINE RICKETTS, RN,

STYVE PAMPHILE, MD., while acting in concert, intentionally and recklessly conducted themselves toward plaintiff in a manner so shocking and outrageous that it exceeded all reasonable bounds of decency so as to cause severe emotional distress.

68. As a direct and proximate result thereof, plaintiff claims damages for the injuries set forth above.

69. Defendant CITY, NEW YORK CITY HEALTH AND HOSPITAL CORPORATION and THE NEW YORK CITY POLICE DEPARTMENT, by its agents, servants, and employees, committed the torts of intentional infliction of emotional distress, assault and battery.

70. As a direct and proximate result thereof, plaintiff claims damages for the injuries set forth above.

**COUNT FIVE: CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "66" as if the same were more fully set forth at length herein

72. Defendants conspired and acted in concert to do whatever was necessary, lawful or not, to cause the arrest, imprisonment, and involuntary confinement of plaintiff and, against his will, give him medication without his consent.

73. Throughout the period of the conspiracy, the defendants pursued their objectives with actual malice toward plaintiff, with utter and deliberate indifference to and

      disregard for plaintiff's rights under the Constitution and laws of the United States, without probable or reasonable cause to believe plaintiff committed any crime or any other lawful, medically based reason for doing so.

74. Pursuant to the conspiracy, the conspirators, and their employees, agents and servants, intentionally, recklessly, negligently, and/or with complete indifference to the rights of plaintiff: (a) illegally refused to allow plaintiff to leave the hospital; (b) illegally physically held the plaintiff down so as to administer medication to the plaintiff that the plaintiff did not consent to; (c)) pressured, bribed, coerced and induced individuals to have plaintiff involuntarily confined to hospital treatment without his consent or any other lawful basis for doing so.

75. As a result of the foregoing, plaintiff was deprived of his liberty, was denied fundamental constitutional rights, was publicly embarrassed and humiliated, was caused to suffer severe emotional distress, and was involuntarily confined to hospital treatment against his will and without his consent.

**WHEREFORE,** plaintiff demands judgment against defendants, jointly and severally, respectively as to each and every cause of action alleged hereninabove for compensatory damages on each count; for punitive damages on each count; awarding plaintiff reasonable attorney's fees, costs, and disbursements of this action; and granting such other and further relief as this court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury

Bronx, New York
October 25, 2023

                                              MICHAEL I. BRAVERMAN(2622)
                                              Getz & Braverman
                                              Attorneys for Plaintiff
                                              172 East 161st Street
                                              Bronx, New York 10451
                                              718-993-3000
                                              Getzandbraverman@aol.com